## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.:  1:19-cv-259

Lucy Pinder, Dessie Mitcheson, Carmen Electra,

    Plaintiffs,

v.

Bavaria Inn Restaurant, Inc. d/b/a Shotgun Willie's, Inc. a/k/a Shotgun Willie's a/k/a Shotgun Willies,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiffs, Lucy Pinder, Dessie Mitcheson, and Carmen Electra, by and through their attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., hereby submit their Complaint and Jury Demand against Defendant Bavaria Inn Restaurant, Inc. d/b/a Shotgun Willie's, Inc. a/k/a Shotgun Willie's a/k/a Shotgun Willie's and allege and aver as follows:

### INTRODUCTION

1. This is an action for damages and other relief under The Lanham Act and state common law arising from the misappropriation and misuse and alteration of Plaintiffs' images in order to promote the strip club located at 490 S. Colorado Blvd Glendale, CO 80246 (hereinafter "Shotgun Willie's").

2. For the purposes of this Complaint, Defendant shall hereinafter be referred to as "Defendant" or "Shotgun Willie's."

3. Defendant uses the Shotgun Willie's website and online social media marketing platforms to market and advertise Shotgun Willie's as "COLORADO'S #1 TOPLESS CLUB, "Best Show Club in Denver," and the "Best Strip Club in Denver!"

4. As a means of illustrating those claims and in an effort to drive traffic and economic and commercial benefits to Shotgun Willie's, Defendant posted pictures of many women on their website and social media platforms, including on their Facebook, Instagram, and Twitter web-pages.

5. To promote Shotgun Willie's, and in furtherance of Defendant's commercial benefit, Defendant altered, posted, and then continually maintained on its Facebook, Instagram, and Twitter account, images of the Plaintiffs.

6. The use and alteration of the Plaintiffs' images, as referred to in the preceding paragraph, created a false impression that Plaintiffs worked at, would appear at, endorsed, sponsored, or were affiliated with Shotgun Willie's.

7. Plaintiffs are not employed by Defendant, do not strip or dance at Shotgun Willie's, do not endorse or sponsor Shotgun Willie's or its promotional activities, and are not affiliated with Shotgun Willie's in any way.

8. Defendant did not have Plaintiffs' permission to use their images or likenesses, nor did Defendant ever request permission.

9. Defendant has not compensated Plaintiffs for the use of their images or likenesses for commercial and/or other purposes.

10. Defendant knew that its use of Plaintiffs' images and likenesses was unauthorized, and knew that its use of Plaintiffs' images would cause consumer confusion as to Plaintiffs' sponsorship, approval of, affiliation with, and/or employment at Shotgun Willie's.

11. Defendant's unauthorized use of the Plaintiffs' images, likenesses and/or identities, as described herein, violates Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

12. This action seeks all actual and compensatory damages as compensation for Defendant's unlawful activities, the Defendant's profits that are attributable to their unlawful use of Plaintiffs' images, likenesses, and identities, treble damages, attorney's fees and costs, and other such relief as would be fair and just to remedy Defendant's unlawful acts, and to ensure that no such violations occur in the future.

## PARTIES

13. Plaintiff Lucy Pinder is an internationally known and recognizable talent, model and actress, host, and social media personality residing in Winchester, England, United Kingdom.

14. Plaintiff Dessie Mitcheson is an internationally known and recognizable talent, model, actress, and social media personality residing in Los Angeles, California.

15. Plaintiff Carmen Electra is an internationally known iconic and recognizable talent, actress, model, television personality, and businesswoman, residing in Los Angeles County, California.

16. Defendant Bavaria Inn Restaurant, Inc. d/b/a Shotgun Willie's, Inc. a/k/a Shotgun Willie's a/k/a Shotgun Willie's is a Colorado corporation, with a principal office address located at 490 South Colorado Boulevard, Glendale, CO 80246.

17. Defendant owns and operates the Shotgun Willie's strip club.

## JURISDICTION AND VENUE

18. Jurisdiction in this case is based upon 28 U.S.C. § 1331, because Plaintiffs' claims arise under 15 U.S.C. § 1125(a) (The Lanham Act).

19. This Court has supplemental jurisdiction over the Plaintiff Lucy Pinder's Colorado state common law claims alleged herein, pursuant to 28 U.S.C. §1367, because those state common law claims are so related to claims in the action within this Court's original jurisdiction under 15 U.S.C. § 1125 that they form part of the same case or controversy.

20. The Court has personal jurisdiction over Defendant by virtue of its presence and operations in Colorado, by its transacting business in Colorado, and by virtue of its improper acts and violations of The Lanham Act and common law in this state, all of which have caused Plaintiffs' damages, and through regular, continuous, and systematic contacts with Colorado such that this Court's exercise of personal jurisdiction over Defendant is proper, reasonable, and comports with traditional notions of fair play and substantial justice.

21. Venue is proper in this Court because this district is where a substantial part of the events or omissions giving rise to the claims stated herein occurred, and Defendant is subject to personal jurisdiction in this venue.

## GENERAL ALLEGATIONS

### Defendant's Use of Website and Social Media Platforms for Marketing

22. The Defendant coordinates the advertising, marketing and promotional activities for Shotgun Willie's through, among other things, active and dynamic use of Shotgun Willie's

website and various coordinated and linked social media promotions through Facebook, Instagram, and Twitter, ("social media sites"), among others.

23. Defendant's marketing and promotional activities are publicly accessible through the World Wide Web, various social media outlets, and affirmative prospect marketing.

24. Defendant further promoted Shotgun Willie's business by and through the use of marketing strategies and channels including, but not limited to, the following: the active use of social media sites and in particular, Facebook.

25. At all times relevant to this Complaint, Defendant had actual and exclusive control over the contents contained within and/or displayed on each of these marketing channels, and in particular Facebook.

26. Upon information and belief, Defendant manages, operates and/or controls a "Facebook account" (accessible via the Facebook Social Media Platform at https://www.facebook.com/shotgunWillies00), through which it promotes, endorses, and markets its business, solicits customers, and advertises events for the Shotgun Willie's strip club, and particularly through the use of images of women in various stages of undress.

27. Defendant has at all times relevant to this Complaint exercised actual control over the contents displayed on its social media sites, and particularly Facebook, through its own personal acts of posting items on the sites, including Facebook, or by expressly permitting and condoning another person(s)' act of posting items on the social media sites, including Facebook.

**Plaintiffs Are Professional Models and Their Images Are Commercially Valuable**

28. Plaintiff Lucy Pinder, at all times relevant to the claims herein, is a recognizable professional talent, model and actress, host, and social media personality who earns her living

5

by, *inter alia*, modeling and selling her image to companies and individuals for the advertisement of products and services.

29. Plaintiff Dessie Mitcheson, at all times relevant to the claims herein, is a recognizable professional model, talent, actress, and social media personality who earns her living by, *inter alia*, modeling and selling her image to companies and individuals for the advertisement of products and services.

30. Plaintiff Carmen Electra, at all times relevant to the claims herein, is a recognizable professional model, actress, recording artist, television personality, and businesswoman who earns her living by, *inter alia*, acting, modeling, and selling her image to companies and individuals for the advertisement of products and services.

31. Plaintiffs' careers in modeling and private enterprise have value stemming from the goodwill and reputations they have built.

32. Plaintiffs' goodwill and reputations are critical to establishing a brand, being selected for jobs, and maximizing earnings.

33. A model's reputation directly impacts the commercial value associated with the use of one's image, likeness, or identity to promote a product or service.

34. Plaintiffs' images and likenesses have high commercial value and Plaintiffs command substantial sums of money for the licensed commercial use of their images.

35. Plaintiffs are professional models in the ordinary course; they seek to control the commercial use and dissemination of their images and identities, and, thus, actively participate in vetting and selecting modeling, advertising, brand spokesperson, and/or hosting engagements.

36. Plaintiffs rely on their professional reputations and own brands for modeling, hosting, and other professional opportunities.

37. Plaintiffs' vetting and selection of professional engagements involves a multi-tiered assessment, to wit:

    a. whether the individual or entity seeking a license and release of Plaintiffs' images, likenesses, or identities is reputable, has reputable products or services, and, through affiliation therewith, would enhance or harm their stature or reputations;

    b. this reputational information is used in negotiating compensation which typically turns on the work Plaintiffs are hired to do, the time involved, travel, and how their images are going to be used (among other variables);

    c. to protect their reputations and livelihood, Plaintiffs and/or their agents carefully and expressly define the terms and conditions of use;

    d. the entire negotiated deal is reduced to and memorialized in an integrated, written agreement that defines the parties' relationship, the terms and conditions of which, typically, unless otherwise expressly delineated, bind and are applicable to only the parties to that Agreement.

38. In the modeling industry, reputation is critical; endorsing, promoting, advertising or marketing the "wrong" product, brand, business, or service, or working in a disreputable industry, can severely impact a model's career by limiting or foreclosing future modeling or brand endorsement opportunities.

39. Conversely, association with high-end companies, products, or magazines can enhance and amplify a model's earning potential and career opportunities by making a model more sought after and desirable.

40. As set forth below, Plaintiffs' images were misappropriated and altered by or at the direction of the Defendant to advertise and promote Shotgun Willie's in its online marketing scheme without Plaintiffs' consent.

## The Misappropriated Images

41. On December 27, 2016, and January 30, 2017, without her knowledge, consent, or authorization, Defendant posted Plaintiff Lucy Pinder's image and likeness on Defendant's Facebook site for the purpose of advertising and promoting Defendant's strip club and soliciting patronage of Shotgun Willie's.

42. Attached as **Exhibit 1** are copies of Defendant's use of Plaintiff Lucy Pinder's image and likeness on the Defendant's Facebook site, which is hereby incorporated by reference.

43. On August 17, 2016, without her knowledge, consent, or authorization, Defendant posted Plaintiff Dessie Mitcheson's image on Defendant's Facebook site for the purpose of advertising and promoting Defendant's strip club and soliciting patronage of Shotgun Willie's.

44. Attached as **Exhibit 2** is a copy of Defendant's use of Plaintiff Dessie Mitcheson's image and likeness on the Defendant's Facebook site, which is hereby incorporated by reference.

45. On April 23, 2016, without her knowledge, consent, or authorization, Defendant posted Plaintiff Carmen Electra's image on Defendant's Facebook site for the purpose of advertising and promoting Defendant's strip club and soliciting patronage of Shotgun Willie's.

46. Attached as **Exhibit 3** is a copy of Defendant's use of Plaintiff Carmen Electra's image and likeness on the Defendant's Facebook site, which is hereby incorporated by reference.

47. After Defendant used Plaintiffs' images on its social media sites, and specifically Facebook, Plaintiffs discovered that Defendant was knowingly and without prior consent, using their images.

48. Defendant's use and alteration of Plaintiffs' images and likenesses falsely implies and creates the impression that Plaintiffs have worked for, would appear at, have endorsed, or are otherwise affiliated with Shotgun Willie's.

49. Defendant's use and alteration of Plaintiffs' images was unauthorized and intended to attract customers, promote Shotgun Willie's, and generate revenue for the Defendant.

50. Plaintiffs are readily identifiable in the misappropriated images, and Defendant could not reasonably believe that Plaintiffs were employees or agents of the Defendant or otherwise affiliated with the Defendant.

51. Defendant has never contacted the Plaintiffs, either directly or indirectly, to request permission to use their images, likenesses, or identities.

52. Defendant never hired or contracted with Plaintiffs to advertise, promote, market or endorse Shotgun Willie's.

53. Plaintiffs have never been employed by Defendant or contracted with Defendant to participate in events at Shotgun Willie's.

54. Defendant never sought permission or authority to use Plaintiff's images, likenesses, or identities to advertise, promote, market, or endorse Shotgun Willie's.

55. Plaintiffs never gave permission, or assigned, licensed, or otherwise consented, to Defendant's use or alteration of their images, likenesses, or identities to advertise, promote, market or endorse Shotgun Willie's.

56. Defendant neither offered nor paid any remuneration to Plaintiffs for the unauthorized use and misappropriation of their images, likenesses, or identities.

57. Defendant's use of Plaintiffs' images created the false perception that Plaintiffs worked for Shotgun Willie's, would appear at Shotgun Willie's, or had consented or agreed to promote, advertise, market and/or endorse Shotgun Willie's and their events to the benefit of Defendant's commercial interests.

58. Defendant's use and alteration of Plaintiffs' images, likenesses, and/or identities impugns the Plaintiffs' character, embarrasses them, and falsely suggests their support for and participation in a strip club lifestyle, causing Plaintiffs' damages.

## FIRST CAUSE OF ACTION

**Violation of the Lanham Act, 15 U.S.C. § 1125(a)**
**False Advertising and False Endorsement**
**(All Plaintiffs v. Defendant)**

59. Plaintiffs hereby incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully alleged herein.

60. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), applies to Defendant.

61. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects Plaintiffs from the Defendant's conduct described herein.

62. Defendant used Plaintiffs' images, likenesses and/or identities as described herein without authority in order to, *inter alia*, create the false perception that the Plaintiffs

worked at, would appear at, or were otherwise affiliated with Shotgun Willie's, endorsed Shotgun Willie's or Shotgun Willie's business activities, and/or consented to or authorized Defendant's usage of their images, likenesses and/or identities in order to advertise, promote and market Shotgun Willie's business activities.

63. Defendant's use and alteration of the Plaintiffs' images, likenesses and/or identities to advertise, promote, and market Defendant's business, events and activities as described in this Complaint was false, misleading, and a misrepresentation of fact.

64. Defendant's unauthorized use and alteration of the Plaintiffs' images, likenesses and/or identities as described herein constitutes false advertising and false endorsement by falsely suggesting or implying, *inter alia*, that the Plaintiffs worked at or were otherwise affiliated with, associated with, or connected to, Shotgun Willie's, endorsed Shotgun Willie's business, events or activities, or consented to or authorized Shotgun Willie's usage and alteration of their images in order to advertise, promote, and market Shotgun Willie's business, events and activities.

65. The manner of the Defendant's unauthorized use and alteration of the Plaintiffs' images, likenesses and/or identities has a tendency to convey a false impression, confuse, mislead, and/or deceive consumers, including actual and prospective patrons to Shotgun Willie's, as to the general quality of attendees and participants at Shotgun Willie's and in their events, as well as specifically whether the Plaintiffs worked at or were otherwise affiliated or associated with Shotgun Willie's, and whether the Plaintiffs endorsed, sponsored, or approved of Defendant's business, Shotgun Willie's, or Shotgun Willie's' events or activities, or whether Plaintiffs would appear in person at Shotgun Willie's' events and activities.

66. Upon information and belief, Defendant's false and deceptive use of Plaintiffs' images did, in fact, deceive, and/or cause actual consumer confusion as to:

   a. whether the Plaintiffs worked at, would appear at, or were otherwise affiliated or associated with Shotgun Willie's;

   b. whether the Plaintiffs endorsed, sponsored, or approved of Defendant's business, events and activities; and

   c. whether the Plaintiffs consented to or authorized Shotgun Willie's' usage of their images, likenesses, and/or identities in order to advertise and promote Defendant's business, events and activities.

67. Upon information and belief, such unauthorized use and alteration of Plaintiffs' images, likenesses, and/or identities misled and deceived consumers, and served to entice consumers and prospective consumers to visit Shotgun Willie's and participate in and attend events at Shotgun Willie's and had a material effect and impact on the decision of patrons and prospective patrons to visit Defendant's business establishment.

68. Defendant's advertisements, promotions, and marketing of Shotgun Willie's and events at Shotgun Willie's occur in and are targeted to interstate commerce.

69. Defendants promote their business and events through interstate promotions and campaigns to target persons from several different states across the United States.

70. Defendant principally uses the internet, World Wide Web, social media, and other vehicles of interstate commerce to advertise, market, promote, and entice or lure traffic and patronage to its establishment and increase revenue.

71. Defendant's unauthorized use of the Plaintiffs' images, likenesses, and/or identities as described herein was designed and intended to benefit Defendant's commercial and business interests by, among other things, capitalizing on Plaintiffs' goodwill by promoting Shotgun Willie's and its activities and attracting clientele to Shotgun Willie's, thereby generating revenue for the Defendant to the detriment of the Plaintiffs.

72. Plaintiffs are in the business of commercializing their identities and selling their images to reputable brands and companies for profit.

73. Defendant's customers are the same demographic that view Plaintiffs' images in print and online.

74. Both Plaintiffs and the Defendant compete in the entertainment industry and utilize similar marketing channels, their respective endeavors overlap, and they vie for the same dollars from the same demographic consumer group.

75. As such, an unauthorized use of Plaintiffs' images to promote a strip club created an undeniable confusion in Defendant's consumers' minds, leading to competitive injury to Plaintiffs.

76. Defendant knew or should have known that their unauthorized use of the Plaintiffs' images, likenesses, and/or identities would cause consumer confusion as described herein.

77. Defendant's unauthorized use and alteration of the Plaintiffs' images, likenesses, and/or identities, as described herein, violates 15 U.S.C. §1125(a), constitutes false advertising and false endorsement, and was wrongful.

78. Defendant's wrongful conduct as described herein was willful.

79. Defendant had actual or constructive knowledge of the wrongfulness of its conduct, acted with intent to capitalize on Plaintiffs' goodwill and deprive the Plaintiffs of their interests and rights, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiffs.

80. The method and manner in which Defendant used the images of Plaintiffs further evinces that Defendant was aware of and/or consciously disregarded the fact that the Plaintiffs did not consent to Defendant's use of their images to advertise Defendant's business.

81. Defendant has caused and will continue to cause irreparable harm and damage to the Plaintiffs, their reputations, and their brands, by attributing to the Plaintiffs their involvement with or endorsement of the Shotgun Willie's strip club and Plaintiffs' association with events and activities relating thereto.

82. Defendant has damaged Plaintiffs as a direct, foreseeable, and proximate result of its unauthorized use of Plaintiffs' images, likenesses, and/or identities without compensating Plaintiffs, thereby entitling Plaintiffs to recover in money damages the actual and fair market value of each misappropriated use of their images and likenesses, and damages for reputational harm, in amounts to be established by proof at trial.

83. As a further direct and proximate result of Defendant's conduct as alleged herein, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to disgorgement of those ill-gotten gains in an amount to be established by proof at trial.

84.   Defendant's conduct was purposeful and malicious in that Defendant knowingly violated Plaintiffs' rights solely to benefit its business, increase profits, and avoid paying money to legally acquire the right to commercial use of the Plaintiffs' images and likenesses.

85.   Consequently, exceptional relief is warranted pursuant to 15 U.S.C. §§ 1116, and 1117(a), entitling Plaintiffs to treble damages and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### State Common Law Misappropriation of Likenesses
### Violation of Right to Privacy; Right of Publicity
### (Plaintiff Lucy Pinder v. Defendant)

86.   Plaintiff Lucy Pinder hereby incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully alleged herein.

87.   Plaintiff holds the exclusive right to control the public dissemination of her name and likeness for commercial use.

88.   Defendant may not, and owes a duty not to, publish, print, display, or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, image, photograph, or other likeness of the Plaintiff without her express consent to such use.

89.   The Plaintiff never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness, or identity to advertise, promote, market, or endorse the Defendant's business or activities, or for any other commercial or other purpose;

90.   Nevertheless, Defendant published, printed, displayed, and/or publicly used the Plaintiff's image, likeness, and identity on their social media sites, and particularly Facebook. for purposes of trade and/or commercial advertising including, but not limited to, promoting,

advertising, and marketing the Defendant's Shotgun Willie's club and its events and activities, and to lure customers and drive traffic to the Shotgun Willie's club.

91. Defendant used Plaintiff's image, likeness and/or identity as described herein intentionally and without authority and to its commercial benefit in order to, *inter alia*, create the false perception that the Plaintiff worked at, would appear at, or was otherwise affiliated with Shotgun Willie's, endorsed Shotgun Willie's or Shotgun Willie's' business activities, and/or consented to or authorized Defendant's usage of her image, likeness and/or identity in order to advertise, promote and market Shotgun Willie's' business activities.

92. Defendant's use of the Plaintiff's image, likeness and/or identity to advertise, promote, and market Defendant's business, events and activities as described in this Complaint was false, misleading, and a misrepresentation of fact.

93. The Plaintiff's body is shown in the image used by Defendant and is clearly lighted, is a well-known photo, and readily identifiable.

94. Defendant misappropriated Plaintiff's image and likeness without notice or knowledge to the Plaintiff and without even attempting to acquire Plaintiff's permission.

95. Plaintiff did not give Defendant permission to use her image.

96. Defendant's unauthorized appropriation and continuous use of the Plaintiff's image, likeness, and/or identity, as described herein, violated Plaintiff's common law rights of privacy and specifically, her right to publicity.

97. The Defendant acted intentionally or recklessly by selecting Plaintiff's image and, knowing it did not have permission to use the image for commercial gain, by posting the image

on Defendant's social media sites, and in particular, Facebook, in an effort to market the Defendant's strip club business and its events and activities.

98. Defendant is in the entertainment business, and knew or should have known of the standard negotiation process over terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

99. Nevertheless, Defendant circumvented the appropriate licensing and negotiating process. thereby avoiding payment to Plaintiff, the cost of a photoshoot, payments to Plaintiff's agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in damage to the Plaintiff and a windfall to the Defendant.

100. Defendant has caused and will continue to cause irreparable harm and damage to the Plaintiff, her reputation, and her brand, by falsely attributing to the Plaintiff her involvement with or endorsement of the Shotgun Willie's strip club and Plaintiff's association with events and activities relating thereto.

101. Defendant has damaged Plaintiff as a direct, foreseeable, and proximate result of their unauthorized use of Plaintiff's image, likeness, and/or identity without compensating Plaintiff, thereby entitling Plaintiff to recover in money damages the actual and fair market value of each misappropriated use of her image and likeness, and damages for reputational harm, in amounts to be established by proof at trial.

102. As a further direct and proximate result of Defendant's conduct as alleged herein, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use

of Plaintiff's image, entitling Plaintiff to disgorgement of those ill-gotten gains in an amount to be established by proof at trial.

103. As further direct and proximate result of Defendant's conduct as alleged in here, Plaintiff has experienced mental and emotional anguish and suffering.

## PRAYOR FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, for relief in amounts to be determined at trial, as follows:

1. All compensatory, general, special, and consequential damages, including economic and noneconomic damages and reputational harm;
2. All damages allowed by 15 U.S.C. §§ 1125, 1116, and 1117, including all actual and consequential damages sustained by Plaintiffs, including all economic damages and losses, disgorgement of profits attributable to Defendant's misappropriation of the Plaintiffs' images and likenesses, and well as treble damages and reasonable attorney's fees;
3. Pre and post judgment interest;
4. Costs and expenses, including expert fees and costs;
5. Attorney fees as may otherwise be permitted by law; and
6. For such further and other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 30th day of January, 2019.

**BURG SIMPSON**
**ELDREGE HERSH & JARDINE, P.C.**

*(Original signature on file at the offices of Burg Simpson Eldredge Hersh & Jardine, P.C.)*

s/ Shane Fulton
Shane Fulton
40 Inverness Drive East
Englewood, CO 80112
Phone: 303-792-5595
sfulton@burgsimpson.com